IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JASON HARTLEY HELM                                                                             PLAINTIFF

      v.                              Civil No. 3:21-cv-03035-TLB-MEF

CAPTAIN LOOKINGBILL,
Carroll County Detention Center (CCDC);
DETENTION OFFICER RALLS, CCDC;
BRANTLEY (first name unknown), CCDC;
CORPORAL KOSTER, CCDC; and
NURSE KAUFFMAN, CCDC                                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

#### I.    DISCUSSION

Plaintiff filed his Complaint to initiate this action on May 12, 2021. (ECF No. 1). On January 23, 2023, Separate Defendant Nurse Kauffman filed a Motion for Summary Judgment. (ECF Nos. 91-93). The next day, an Order (ECF No. 94) was entered directing Plaintiff to respond to the summary judgment motion by February 14, 2023. Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure.

On February 3, 2023, the remaining Defendants filed a Motion for Summary Judgment

1

(ECF Nos. 95-97).  On February 6, 2023, an Order (ECF No. 98) was entered directing Plaintiff to respond to this summary judgment motion by February 27, 2023.  In both Orders (ECF Nos. 94 & 98) directing Plaintiff to respond to the summary judgment motions, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted by the Plaintiff, and/or (b) shall subject the case to dismissal, without prejudice.

Plaintiff did not file a response to either Motion for Summary Judgment.  On March 1, 2023, a Show Cause Order (ECF No. 99) was entered.  Plaintiff was given until March 22, 2023, to show cause why he failed to obey the Orders of the Court.  Plaintiff was advised that if he failed to respond to the Show Cause Order, the case shall be subject to dismissal.

On March 22, 2023, Plaintiff filed a Response (ECF No. 101) to the Show Cause Order. Plaintiff indicated his lack of communication with the Court and Defendants was due to serious personal issues including problems with his health and a death in his family.  Plaintiff then made several requests.  First, he asked "to refile all matters."  He contended he did not receive all necessary medical documents and grievances during the discovery phase.  Plaintiff was advised he should have brought these issues to the Court's attention during the discovery phase of this case.  In fact, the Court noted it was clear Plaintiff knew how to bring the discovery issues before the Court because he had previously filed a Motion to Compel (ECF No. 79).  Accordingly, this request was denied.  (ECF No. 101).  Second, and if his first request was not granted, Plaintiff asked for an extension of time to seek counsel.  He indicated he is "ignorant" of the "proper law." The request was denied.  (*Id.*).  The Court noted that nothing had prevented Plaintiff from seeking counsel at any point during the pendency of this case.  Finally, and if his other relief was

not granted, Plaintiff requested an extension of time to respond to the Defendants' pending Summary Judgment Motions.  This request was granted.  (*Id*.).  Plaintiff was given until April 14, 2023, to respond to the pending motions.   Plaintiff was advised that failure to file his summary judgment responses in a timely manner would result in the dismissal of his case.

Plaintiff did not file his summary judgment responses.   As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Orders, a Show Cause Order (ECF No. 102) was entered.   Plaintiff was given until May 11, 2023, to respond.   Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

To date, Plaintiff has not filed responses to the Defendants' pending Motions for Summary Judgment or a response to the Show Cause Order.   He has not requested an extension of time to file his responses.   No mail has been returned as undeliverable.   Plaintiff has failed to comply with the Court's Orders (ECF Nos. 101 & 102).   Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).   The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.   Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."   *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).   Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties

appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Defendants expended resources conducting discovery and preparing their respective Motions for Summary Judgment. Plaintiff then intentionally chose not to respond to these Motions even after being directed to do so by the Court in two separate instances. Plaintiff was advised in five separate Court Orders that failure to respond would result in dismissal of his case. Plaintiff has not communicated with the Court in any way after the Court granted him an extension of time to respond to Defendants' Motions for Summary Judgment.

## II.   CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply

with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE