IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JASON HARTLEY HELM**                                                                                **PLAINTIFF**

**V.**                                        **CASE NO. 3:21-CV-3035**

**CAPTAIN LOOKINGBILL, et al.**                                                                **DEFENDANTS**

### ORDER OF DISMISSAL

Comes on for consideration the Report and Recommendation ("R&R") (Doc. 104) filed in this case on June 2, 2023, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. Magistrate Judge Ford recommends dismissing the case with prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff Jason Hartley Helm's repeated failures to obey the Court's orders. Mr. Helm filed an Objection to the R&R (Doc. 106) in which he offers excuses for failing to obey the Court's most recent show-cause order. In view of the Objection, the Court has reviewed the entire case *de novo*.

Mr. Helm proceeds *in forma pauperis*. Consequently, the Court holds him to a more lenient and forgiving standard than it would a licensed attorney. With that said, however, there comes a point in any litigation when deadlines must be enforced and a plaintiff's seemingly inexhaustible reasons for knowingly missing those deadlines may no longer be countenanced. We are at that point.

The R&R accurately describes the procedural history of this case, and the Court incorporates it here by reference. Mr. Helm has been warned multiple times that missing deadlines would result in the dismissal of his case. He has been given second and third

1

chances to file his response to Defendants' motions for summary judgment, but two show-cause orders and months of extensions have not yielded the long-awaited response. Rather than simply file his response, he asks in his Objection to the R&R for yet another extension of time or else a dismissal *without* prejudice.

As the R&R acknowledges, dismissal with prejudice is a severe sanction for a plaintiff's failure to obey court orders. To warrant such a sanction, the Court need not find that Mr. Helm acted in bad faith; it is sufficient to find that he "acted intentionally as opposed to accidentally or involuntarily." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (citation and quotation marks omitted). In addition, the record must reflect that Mr. Helm received clear warnings from the Court that he was "skating on the thin ice of dismissal." Id. (citation and quotation marks omitted).

Having reviewed the long record in this case, the Court is satisfied that Mr. Helm was warned repeatedly about the importance of adhering to deadlines and the possible consequences of missing deadlines. Despite these warnings, he engaged in a "persistent pattern of intentional delay" characterized by "willful[] disregard[] [of] court orders and violating the Federal Rules." Id. at 528. This pattern has persisted for the last six months and will not be remedied by imposing yet another deadline. The Court agrees with the Magistrate Judge's recommendation and finds that dismissal with prejudice is warranted under the circumstances.

**IT IS THEREFORE ORDERED** that Mr. Helm's Objection (Doc. 106) is **OVERRULED**, and the R&R (Doc. 104) is **ADOPTED IN ITS ENTIRETY**. This case is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b), based on Mr. Helm's intentional

2

failure to prosecute the case, obey the orders of the Court, and failure to comply with Local Rule 5.5(c)(2).

Judgment will enter accordingly.

**IT IS SO ORDERED** on this 26th day of June, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE